IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| 1701 COMMERCE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-270-O |
| | § | |
| RICHFIELD HOSPITALITY INC., | § | |
| | § | |
| Defendant. | § | |

ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES BANKRUPTCY JUDGE

The United States Bankruptcy Judge made findings, conclusions, and a recommendation in this case. Plaintiff filed objections. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which objection was made. Anything not specifically objected to is subject to review for clear error.

I.     BACKGROUND

On April 18, 2014, the instant action was removed to this Court under 28 U.S.C. §§ 1331, 1332(a)(1), and 1334(b) in connection with Plaintiff's underlying Chapter 11 bankruptcy proceeding. Notice Removal ¶¶ 1-3, ECF No. 1. Plaintiff acquired the Sheraton Fort Worth Hotel and Spa ("the Property") through a deed in lieu of foreclosure from Presidio Hotel Fort Worth, L.P. ("Presidio"). Pl.'s Objections 2, ECF No. 12. Presidio, before selling the Property, hired Defendant to manage the Property. *Id*. After acquiring the Property, Plaintiff asked Defendant to continue in its management role. *Id*. Shortly before Plaintiff filed its underlying Chapter 11 bankruptcy case, Defendant withdrew $191,751 from the Property's operating account to repay a debt owed to

Presidio. *Id*. Plaintiff did not consent to the withdrawal. *Id*.

On March 21, 2014, Plaintiff filed suit in state court seeking return of the funds. Notice Removal (Original Pet.), ECF No. 1-4. Plaintiff seeks recovery under four theories: (1) conversion; (2) violation of the Texas Theft Liability Act; (3) breach of fiduciary duty; and (4) money had and received. *Id*. On April 25, 2014, Defendant filed a motion to dismiss contending that (1) Plaintiff lacks standing; (2) Plaintiff is judicially estopped from asserting the causes of action; and (3) Plaintiff fails to state a claim on which relief can be granted. Def.'s Mot. Dismiss 1, ECF No. 8-1. On October 20, 2014, the Bankruptcy Judge entered an order recommending that Defendant's motion be granted. Findings, Conclusions, & Recommendation (FCR), ECF No. 11. Plaintiff filed its objections to the Magistrate Judge's order, and Defendant filed its response. *See* Pl.'s Objections, ECF No. 12; Def.'s Resp. Pl.'s Objections, ECF No. 14. This matter has been fully briefed and is ripe for adjudication.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

"Every party that comes before a federal court must establish that it has standing to pursue its claims." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013); *see also Barrett Computer Services, Inc. v. PDA, Inc.*, 884 F.2d 214, 218 (5th Cir. 1989). "The doctrine of standing asks 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Cibolo Waste*, 718 F.3d at 473 (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).

Standing has both constitutional and prudential components. *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001); *see also Cibolo Waste*, 718 F.3d at 473 (quoting

*Elk Grove*, 542 U.S. at 11) (stating standing "'contain[s] two strands: Article III standing . . . and prudential standing'"). Constitutional standing requires a plaintiff to establish that she has suffered an injury in fact traceable to the defendant's actions that will be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Prudential standing requirements exist in addition to 'the immutable requirements of Article III,' . . . as an integral part of 'judicial self-government.'" *Procter & Gamble*, 242 F.3d at 560 (citations omitted). "The goal of this self-governance is to determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial power.'" *Id.* (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)). The Supreme Court has observed that prudential standing encompasses "at least three broad principles," including "the general prohibition on a litigant's raising another person's legal rights . . . ." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014); *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 474 (5th Cir. 2013) (quoting *Elk Grove*, 542 U.S. at 12); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 290 (2008) (discussing cases where third-parties sought "to assert not their own legal rights, but the legal rights of others"); *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) (noting "the assignee of a claim has standing to assert the injury in fact suffered by the assignor").

      **B.**      **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court commits error "in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, this error is removed if the plaintiff has alleged his "best case." *Id*. A court can consider a plaintiff to have asserted his best case when the

4

plaintiff has had "fair opportunity to make out [his] case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

### III. ANALYSIS

Defendant contends that the instant action should be dismissed for three reasons: (1) Plaintiff lacks standing; (2) Plaintiff is judicially estopped from asserting the causes of action; and (3) Plaintiff fails to state a claim on which relief can be granted. Def.'s Mot. Dismiss 1, ECF No. 8-1. The Court addresses each issue in turn.

#### A. Standing

The Bankruptcy Court found that Plaintiff's broad reservation of its claims in its plan for reorganization was inadequate to preserve Plaintiff's claims against Defendant under Bankruptcy Code § 1123(b) and thus determined that Plaintiff lacked standing to maintain this suit. *See* FCR 6-9, ECF No. 11. In its objections, Plaintiff maintains that the Bankruptcy Code only "requires that a debtor's plan of reorganization generally provide for the claim's retention and enforcement by the debtor." Pl.'s Objections 3, ECF No. 12 (internal quotation marks and citation omitted). Plaintiff contends that "the Bankruptcy Court errantly applied the more stringent 'specific and unequivocal' standard to [Plaintiff's] Claim reservation." *Id*.

To preserve a claim so that a re-organized debtor may pursue it post-confirmation, the debtor's plan of reorganization must "expressly provide[] for the claim's 'retention and enforcement by the debtor.'" *In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008) (citing 11 U.S.C. § 1123(b)(3)(B)). Specifically, "[t]he reservation must be specific and unequivocal." *Id*. (internal citation and quotation marks omitted). In defining the "specific and unequivocal" language, courts have determined that the plan is not required to "identify specific individuals or entities as

5

prospective defendants in order to preserve the claims; rather, as appropriate, claims may be preserved by category." *In re Tex. Wyo. Drilling Inc.*, 422 B.R. 512, 626-27 (N.D. Tex. 2010) (Frank, Bankr. J.) (finding the following language sufficient: "[A]ny and all actions, claims, rights . . . whether asserted or assertable directly, indirectly or derivatively . . . accruing to the Debtors (including the Avoidance Actions)" where the plan further defined "'Avoidance Actions' to mean any and all Causes of Action which a trustee, the Debtors, the Estates, or other appropriate party in interest [might] assert under sections, 502, 510, 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550, 551, 553 and 724(a) of the Bankruptcy Code").

Here, the Confirmation Order containing the language of the plan stated the following:

> Except as otherwise provided in the Amended Plan, the Confirmation Order or in any document, instrument, release or other agreement entered into in connection with the Amended Plan, in accordance with Section 1123(b) of the Bankruptcy Code, the Reorganized Debtor will retain all of the Causes of Action. The Reorganized Debtor may enforce, sue on, settle or compromise (or decline to do any of the foregoing) any and all of such Causes of Action. The failure of the Debtor to specifically list any claim, right of action, suit, proceeding or other Cause of Action in the Amended Plan does not, and will not be deemed to, constitute a waiver or release by the Debtor or the Reorganized Debtor of such claim, right of action, suit, proceeding or other Cause of Action and the Reorganized Debtor will retain the right to pursue such claims, rights of actions, suits, proceedings or other Causes of Action in its sole discretion and, therefore, no preclusion doctrine, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to such claim, right of action, suit, proceeding or other Cause of Action upon or after the Confirmation or consummation of the Amended Plan.

FCR 6-7, ECF No. 11. In addition, the Plan defined "Causes of Action" as:

> [A]ny and all claims, actions, proceedings, causes of action, suits, accounts, controversies, agreements, promises, rights of actions, rights to legal remedies, rights to equitable remedies, rights to payment and Claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or asserted directly or derivatively, in law, equity or otherwise, that the Debtor, Post-Confirmation Debtor and/or the Estate may hold against any Person,

but excluding those released, exculpated or waived pursuant to the Plan and the Confirmation Order.

*Id*. The Court finds that the Bankruptcy Court correctly concluded that the broad reservation was ineffective to preserve Plaintiff's standing. *See In re United Operating, LLC*, 540 F.3d at 355; *In re Tex. Wyo. Drilling Inc*., 422 B.R. at 626-27. Accordingly, Plaintiff's objections are **OVERRULED**.

### B.    Judicial Estoppel

The Bankruptcy Court determined that Plaintiff is judicially estopped from bringing its claims against Defendant on the basis that Plaintiff failed to include the claims in its bankruptcy schedules.[1] FCR 9, ECF No. 11. Plaintiff objects on the ground that the second and third elements of judicial estoppel are not present. Pl.'s Objections 9-10, ECF No. 12.

Judicial estoppel "is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Wells Fargo Bank, N.A. v. Oparaji*, 698 F.3d 231, 235 (5th Cir. 2012). The doctrine is invoked where "(1) the party to be estopped has previously asserted a plainly inconsistent position, (2) a court accepted the previous position, and (3) the party did not act inadvertently." *In re Talsma*, 496 B.R. 828, 841 (N.D. Tex. 2013) (Lynn, J.). "Judicial estoppel is particularly appropriate [when] a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *In re Jackson*, 574 F. App'x 317, 318-19 (5th Cir. 2014) (quoting *Jethroe v. Omnova Solutions, Inc*., 412 F.3d 598, 600 (5th Cir. 2005)).

Plaintiff first contends that any nondisclosure was inadvertent because "Debtor had no motive

---

[1] Because the Court has determined that Plaintiff lacks standing to bring the instant action, it is unnecessary to determine whether the doctrine of judicial estoppel applies or whether Plaintiff stated a claim under Federal Rule of Civil Procedure 12(b)(6). However, in an abundance of caution, the Court also determines whether judicial estoppel applies.

to conceal its claims against Richfield–because pursuant to the Plan, creditors received one hundred cents on the dollar plus interest–any nondisclosure of those claims was inadvertent." Pl.'s Objections 9, ECF No. 12. The Bankruptcy Court determined that "Plaintiff surely knew of the claims asserted in the Adversary but failed to schedule them" because Plaintiff "listed claims against other entities [in its Schedules] but did not list its claim against Defendant." FCR 9 n.22, ECF No. 11. The Court agrees with the Bankruptcy Court's conclusion.

Plaintiff next contends that because "[t]he adversary was filed before the Bankruptcy Court conducted the Plan confirmation hearing or confirmed the Plan . . . the Bankruptcy Court could not have accepted the alleged nondisclosure of Debtor's claims against Richfield when confirming the Plan." Pl.'s Objections 10, ECF No. 12. Further, "because the Plain confirmation did not hinge on the absence of a claim against Richfield . . ., the Bankruptcy Court cannot be said to have accepted . . . the non-existence of a claim against Richfield in confirming Debtor's Plan." *Id.* The Bankruptcy Court determined, however, that Plaintiff's position was "accepted" when Plaintiff's Plan was confirmed. FCR 10, ECF No. 11. As a result, "[t]hat position is clearly inconsistent with the commencement of the Adversary." *Id*. This Court agrees. Accordingly, Plaintiff's objections are **OVERRULED**.

IV. **CONCLUSION**

Based on the foregoing, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Bankruptcy Judge as the findings of the Court.

**SO ORDERED** on this **10th day** of **March, 2015.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

8